**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**NICHOLAS D'ANDRE THOMAS,**

                    **Plaintiff,**

      **v.**                                             **CASE NO. 22-3099-SAC**

**RYAN HAYDEN,**

                      **Defendant.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff Nicholas D'Andre Thomas, who is detained at the Shawnee County Jail (SCJ) in Topeka, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging misconduct and illegal action related to his ongoing state-court criminal prosecution. He names as the sole defendant Topeka Police Department Detective Ryan Hayden. For the reasons explained below, the Court will direct Plaintiff to show cause why this matter should not be dismissed for failure to state a claim on which relief can be granted.

I. **Nature of the Matter before the Court**

In December 2020, Plaintiff was charged in Shawnee County District Court with one count of aggravated battery. *See* Online Records of Shawnee County District Court, case number 2020-CR-2781. His preliminary hearing occurred in March 2021, but in June 2021, the state district court ordered a competency evaluation. *Id.* In October 2021, the state district court held a competency hearing and found that Plaintiff should be sent for further evaluation and

1

restoration pursuant to K.S.A. 22-3303. *Id.* It appears that Plaintiff has been further evaluated and another competency hearing is scheduled for June 1, 2022. *Id.*

Plaintiff filed the current civil rights complaint in this Court on May 20, 2022. As noted above, he names as the sole Defendant Detective Ryan Hayden of the Topeka Police Department. All three counts in the complaint are based on Plaintiff's allegation that on December 23, 2020, Defendant "made, presented, and used a false record of DNA results" in the criminal complaint in the Shawnee County criminal case against Plaintiff. As Count I, Plaintiff alleges that by this action, Defendant violated K.S.A. 21-5905. As Count II, Plaintiff alleges that by the same action, Defendant violated K.S.A. 46-251. As Count III, Plaintiff alleges that by the same action, Defendant violated K.S.A. 21-5904. Plaintiff seeks "[r]elease relief, money relief, TRO relief, injunctive relief, compensatory relief, preliminary relief, punitive relief, indemnification relief, nominal relief, [and] declaratory relief."

## II. Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a), (b), and (e)(2)(B). When screening, the Court liberally construes a pro se complaint and

applies "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III. Discussion

#### Intervention in State-Court Proceedings

This is the ninth federal case Plaintiff has filed seeking this Court's intervention in Shawnee County criminal case number 2020-CR-2781; Plaintiff has filed five federal habeas actions and three prior civil rights actions under 42 U.S.C. § 1983. *See Thomas v. Maban, et al.*, case number 21-cv-3181-SAC (dismissed Sept. 22, 2021); *Thomas v. Hill*, case number 21-cv-3200-SAC (dismissed Oct. 7, 2021); *Thomas v. Wright*, case number 21-cv-3201-SAC (dismissed Oct. 12, 2021); *Thomas v. Lee*, case number 21-cv-3241-SAC (dismissed Nov. 5, 2021); *Thomas v. State of Kansas*, case number 22-cv-3017-SAC (dismissed Jan. 25, 2022); *Thomas v. Lee*, case number 22-cv-3033-SAC (dismissed February 24, 2022); *Thomas v. Hayden*, case number 22-cv-3044 (dismissed March 10, 2022); *Thomas v. Hayden*, case number 22-cv-3038 (dismissed April 15, 2022).

The Court has repeatedly explained to Plaintiff that under *Younger v. Harris*, 401 U.S. 37, 47, (1971), when the Court is asked to intervene in ongoing state criminal proceedings, the Court must determine whether (1) the state criminal proceedings are ongoing, (2) the state criminal proceedings affect important state interests, and (3) the state courts provide a satisfactory opportunity for Plaintiff to make constitutional arguments. *See*

*Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). If all three of these conditions exist, this Court may not interfere in the state-court case unless there is "great and immediate" danger of "irreparable injury." *See Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)); *see also Younger*, 401 U.S. at 46.

By his request for injunctive relief, Plaintiff appears to ask this Court to intervene in his ongoing criminal state proceedings. As in Plaintiff's previous federal cases, however, the three conditions are satisfied here, so *Younger* requires this Court to abstain from doing so.

### Repetitive and Frivolous Litigation

The Tenth Circuit has explained:

> "When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process.[R]epetitious litigation of virtually identical causes of action may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious. The unnecessary burden placed upon the juridical process in adjudicating these frivolous and malicious lawsuits is obvious. [T]here is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious. . . . No one, rich or poor, is entitled to abuse the judicial process." *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) (internal citations and quotation marks omitted).

The Court has also advised Plaintiff in the past that any future actions he files in this Court seeking this Court's intervention in Shawnee County criminal case number 2020-CR-2781 on

4

grounds similar to those he has previously alleged will be subject to summary dismissal as repetitive and frivolous litigation. *See Thomas v. Lee*, case number 2021-cv-3241-SAC, Doc. 8, p. 4-5.

This is Plaintiff's third § 1983 complaint against Defendant Hayden. The complaint Plaintiff filed on August 23, 2021 also named him as a defendant and was based, in part, on Defendant Hayden's alleged submission of false police report and the submission to the state court of false DNA evidence. *See Thomas v. Wright, et al.*, case number 21-cv-3201-SAC, Doc. 1. In another § 1983 complaint, filed on February 24, 2022, Plaintiff again named Hayden as a defendant and alleged as grounds for relief the same submission of fabricated evidence to the state court. *See Thomas v. Hayden, et al.*, case number 22-cv-3038-SAC, Doc. 1.

In addition, Plaintiff has named Defendant Hayden as a respondent in at least one federal habeas actions that appears to attack the same alleged actions by Defendant Hayden. In a petition seeking habeas relief under 28 U.S.C. § 2241 filed on March 9, 2022, Plaintiff alleged that Hayden made false statements under oath on December 23, 2020 to the state court regarding DNA evidence. *See Thomas v. Hayden, et al.*, case number 22-cv-3044-SAC, Doc. 1.

As the Court has previously explained to Plaintiff, the Court recognizes that Plaintiff believes serious irregularities are occurring in his state-court prosecution. However, as Plaintiff is aware, *Younger* requires that this Court abstain from interfering in

5

his state-court criminal prosecution except in specific circumstances. The current complaint alleges no reason why *Younger* does not control. Thus, the Court could dismiss the request for injunctive relief as frivolous and repetitive.

## Failure to State a Claim

The current complaint also fails to state a claim upon which relief can be granted. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). But the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). And "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

In the portion of the complaint for Plaintiff to identify the "constitutional rights, privileges or immunities" he believes "have been violated," Plaintiff identifies only state laws. He has not identified any constitutional right, privilege, or immunity that has been violated. The Tenth Circuit has explained that "§ 1983 affords a remedy for violations of federal law and does not provide a basis for redressing violations of state law." *D.L. v. Unified Sch. Dist. No. 497*, 596 F.3d 768, 776 (10th Cir. 2010) (quotations omitted). Thus, this matter is subject to dismissal because Plaintiff has not alleged a federal constitutional violation.

## IV. Conclusion

As explained above, Plaintiff's request for injunctive relief is subject to dismissal under the *Younger* abstention doctrine and as frivolous and repetitive litigation. In addition, however, the complaint is subject to dismissal in its entirety for failure to state a claim upon which relief may be granted in a § 1983 action. Plaintiff is therefore directed to show cause, in writing, why this matter should not be dismissed. The failure to file a timely response may result in the dismissal of this matter without prior notice to Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including June 24, 2022, to show cause, in writing, why this matter should not be dismissed for the reasons stated herein. The failure to file a timely response may result in the dismissal of this matter

without prior notice to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 23rd day of May, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge