**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**NICHOLAS D'ANDRE THOMAS,**

                **Plaintiff,**

     v.                                    CASE NO. 22-3099-SAC

**RYAN HAYDEN,**

                **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff Nicholas D'Andre Thomas filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging misconduct and illegal action related to his ongoing state-court criminal prosecution. On May 23, 2022, after conducting the initial screening required by 28 U.S.C. § 1915A(a), (b), and (e)(2)(B), the Court issued a Memorandum and Order to Show Cause (MOSC) directing Plaintiff to show cause why this matter should not be dismissed for failure to state a claim on which relief can be granted. (Doc. 4.) Plaintiff has filed a response to the MOSC. (Doc. 5.)

**I.   Nature of the Matter before the Court**

In December 2020, Plaintiff was charged in Shawnee County District Court with one count of aggravated battery. *See* Online Records of Shawnee County District Court, case number 2020-CR-2781. Those proceedings are currently pending.

Plaintiff filed the civil rights complaint now before the Court on May 20, 2022. He names as Defendant Detective Ryan Hayden of the

1

Topeka Police Department. All three counts in the complaint are based on Plaintiff's allegation that on December 23, 2020, Defendant violated Kansas statutes when he "made, presented, and used a false record of DNA results" in the criminal complaint in the Shawnee County criminal case against Plaintiff.

## II. Discussion

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). But the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). And "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

In the portion of the complaint for Plaintiff to identify the

"constitutional rights, privileges or immunities" he believes have been violated, Plaintiff identifies only state laws. He has not identified any constitutional right, privilege, or immunity that has been violated. The Tenth Circuit has explained that "§ 1983 affords a remedy for violations of federal law and does not provide a basis for redressing violations of state law." *D.L. v. Unified Sch. Dist. No. 497*, 596 F.3d 768, 776 (10th Cir. 2010) (quotations omitted).

In the MOSC, the Court explained these legal principles and directed Plaintiff to show cause why this matter should not be dismissed because he has not alleged a federal constitutional violation. In his June 2, 2022 response, Plaintiff repeats his arguments that Kansas statutes have been violated during the course of his state-court criminal proceedings. (Doc. 5.) But as explained above, a violation of state law is not a basis for relief under 42 U.S.C. § 1983 and, even liberally construing the complaint, Plaintiff alleges only violations of state law. Accordingly, this matter will be dismissed for failure to state a claim upon which relief can be granted.

The Court further finds that this dismissal should count as a strike under the Prison Litigation Reform Act (PLRA), which provides:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

3

brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In other words, each time a civil action or an appeal brought by a prisoner is dismissed "as 'frivolous' or 'malicious' or for 'fail[ing] to state a claim upon which relief may be granted,'" it counts as a "strike" against the prisoner. *See Payton v. Ballinger*, 831 Fed. Appx. 898, 902 (10th Cir. 2020). This is Plaintiff's third strike. *See Thomas v. Lee*, Case No. 22-3033-SAC (dismissed Feb. 24, 2022 as frivolous litigation); *Thomas v. Hayden, et al.*, Case No. 22-3038-SAC (dismissed April 15, 2022 for failure to state a claim on which relief can be granted and as frivolous litigation). Thus, in any future civil actions or appeals, Petitioner may not proceed in forma pauperis without showing that he is in "imminent danger of serious physical injury."

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** for failure to state a claim on which relief can be granted. This dismissal will count as a strike under the PLRA.

**IT IS SO ORDERED.**

DATED:  This 29th day of June, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge

4